UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-5258-DMG (SKx)** | Date | July 2, 2021 |
|---|---|---|---|

| Title | ***Broadcast Music, Inc. v. Alexander Collin Baker, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On June 28, 2021, Defendants Alexander Collin Baker and Adam Bravery, LLC removed this action from Los Angeles County Superior Court to this Court on the basis of minimal diversity jurisdiction pursuant to the federal interpleader statute, 28 U.S.C. § 1335, and the removal statute, 28 U.S.C. § 1441. [Doc. # 1.]

There are a number of concerns with this Notice of Removal. First, it is unclear that the removal is timely. Baker and Adam Bravery assert that 28 U.S.C. section 1446(b)'s deadline should be equitably tolled and extended by 16 days because they initially improperly removed the case to the District of Arizona, but cite to no law supporting the applicability of equitable tolling in this case. *See* Not. of Removal at 10.

Second, Baker and Adam Bravery acknowledge that not all Defendants have joined in the removal, since Defendant Clair Marlo, who is properly joined and served in the state court action, does not consent to removal. *Id.* at 12; *see* 28 U.S.C. § 1441(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action."). To sidestep the rule that all defendants must consent to removal, Baker and Adam Bravery assert that Marlo is fraudulently joined. *See United Comput. Sys. v. At&T Info. Sys.*, 298 F.3d 756, 762 (9th Cir. 2002) (the "rule of unanimity" does not apply to "nominal, unknown or fraudulently joined parties") (citation omitted). The removing parties have the burden of proving the existence of fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007). Defendants must meet their burden here.

Baker and Adam Bravery argue that Plaintiff BMI fails to state an interpleader claim against Marlo because Marlo has no valid claim to the interpleaded funds. Not. of Removal at 13. This argument strikes to the heart of the interpleader action, in which BMI seeks judicial

intervention to determine the rightful ownership of the interpleaded funds. And it is not clear that Baker and Adam Bravery have shown that that there is "no possibility" that Marlo has a claim to the interpleaded funds. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). Baker and Adam Bravery seem to recognize as much when they request that the Court issue an Order to Show Cause so that they may fully brief the basis for removal. Not. of Removal at 13-14.

In addition, even if the removal is timely and unanimous, the Notice of Removal describes related litigation in the District of Arizona that may render that district a more convenient venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Accordingly, because it is not clear that removal was timely, or that non-consenting Defendant Marlo was fraudulently joined, Baker and Adam Bravery are hereby **ORDERED to SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. In addition, they are **ORDERED to SHOW CAUSE** why this case, even if properly removed, should not be transferred to the District of Arizona.

Baker and Adam Bravery shall file a response by no later than **July 16, 2021**. **Failure to timely file a satisfactory response by this deadline will result in the remand of this action to state court.** Defendant Marlo and Plaintiff BMI may file replies, if any, by **July 23, 2021.**

**IT IS SO ORDERED.**